UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON SIGERS,

        Plaintiff,

v.

BAILEY, *et al*,

        Defendants.

_____/

Case No. 08-13298

Patrick J. Duggan
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

# ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY (Dkt. 39) AND DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (Dkt. 43)

A.    Procedural History

Plaintiff filed a complaint against defendant Michigan Department of Corrections (MDOC) on July 31, 2008. (Dkt. 1). In lieu of a responsive pleading, the MDOC filed a motion to dismiss on October 2, 2008, asserting that plaintiff's claims against it were barred by the immunity granted to the MDOC under the Eleventh Amendment. (Dkt. 9). District Judge Patrick J. Duggan referred this motion to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 10). Plaintiff then filed a motion for leave to file an amended complaint on October 21, 2008, with a proposed amended complaint that

1

identified several defendants and removed the MDOC as a named defendant. (Dkt. 13). Judge Duggan also referred the motion to amend to the undersigned for hearing and determination. (Dkt. 14). Judge Duggan later referred this matter to the undersigned for all pretrial purposes. (Dkt. 28).

    B.    <u>Defendants' Motions and Plaintiff's Responses</u>

Defendant Bailey filed a motion to stay discovery pending the decision on his motion for summary judgment. (Dkt. 39). Defendant argues that qualified immunity is a legal issue for the Court to decide and therefore, until the motion for summary judgment is resolved, discovery should be stayed. *Id*. Plaintiff argues that staying discovery is premature because he has not had an adequate opportunity to develop a factual record on which this Court may determine whether defendant Bailey should be dismissed based on qualified immunity. (Dkt. 42).

Defendants CMS and Daoust filed a motion for protective order so that they do not have to respond to plaintiff's discovery requests while their motion to dismiss is pending. (Dkt. 43). Defendants claim that the discovery requests are invasive, overreaching, oppressive, require undue expense to answer, and are meant to harass. *Id*. Defendants also argue that the discovery requests are premature and improper because no discovery conference has been held under Rule

26. Further, defendants suggest that many of plaintiff's discovery requests would be answered if plaintiff used the proper channels to obtain copies of his own medical records, instead of using requests directed at these defendants to essentially "finance" his discovery. *Id*.

    C.    <u>Analysis and Conclusions</u>

The initial disclosures required by Rule 26(a) do not apply in a case brought by a *pro se* prisoner because it is exempt under Rule 26(a)(1)(B)(iv). And, in cases that are exempt from initial disclosures, discovery may be started before a scheduling conference is held, which is not usually the case. Fed.R.Civ.P. 26(d)(1). Thus, in a prisoner case, the parties are generally able to seek discovery before a scheduling conference, so the rules do not prevent this plaintiff from seeking discovery.[1] This Court has discretion, however, to stay discovery while dispositive motions are pending. In *Williams v. Scottrade, Inc.*, 2006 WL 1722224 (E.D. Mich. 2006), the court observed that "'[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.'" *Id*. at *1, quoting, *Chavous v. Dist. of Columbia Fin.*

---

[1] In a prisoner case where the plaintiff-prisoner is *pro se* and still in custody, the court generally does not hold scheduling conferences. Rather, the court will issue a scheduling order after responsive pleadings have been filed.

*Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D. D.C. 2001). The court also observed that "trial courts should not stay discovery which is necessary to gather facts in order to defend against a motion to dismiss or when the party seeking discovery will be prejudiced by the delay." *Williams*, at *1, citing, *Nichols v. Baptist Mem'l Hosp.*, 2004 WL 2905406, *2 (W.D. Tenn. 2004).

In this case, both parties have filed motions for summary judgment.[2] In the view of the undersigned, plaintiff is entitled to seek proper and reasonable discovery during the pendency of the those motions, given that both motions involve factual disputes. This is essentially acknowledged by defendant Bailey, who filed a motion for summary judgment, rather than a motion to dismiss, based on qualified immunity, acknowledging that evidence outside the four corners of the complaint would be required to make this determination. *See e.g. Grose v. Caruso*, 284 Fed.Appx. 279, 283 (6th Cir. 2008) ("Dismissals on the basis of qualified immunity are generally made pursuant Fed.R.Civ.P. 56 summary judgment motions, not 12(b)(6) sufficiency of pleadings motions."). As noted above,

---

[2] Defendants CMS and Daoust submitted a "motion to dismiss," however, a brief review of that motion reveals that they rely on materials outside the four corners of the complaint and thus, this motion is likely to be treated as a motion for summary judgment under Rule 56. (Dkt. 44, Exs. C, D, E).

defendants CMS and Daoust have also relied on materials outside the four corners of the complaint to support their "motion to dismiss."

Based on the foregoing, defendant Bailey's motion to stay discovery is **DENIED** and defendants CMS's and Daoust's motion for protective order is also **DENIED**. Defendants CMS and Daoust are directed to answer, **within 30 days of entry of this Order**, plaintiff's discovery requests, to the extent required by the Federal Rules of Civil Procedure, and they may assert specific and appropriate objections to any of those requests, or those aspects of plaintiff's requests, that are inappropriate or improper. Plaintiff is directed to obtain his medical records from the MDOC. Should plaintiff be reasonably unsatisfied with the responses from defendants, he may file a motion to compel further information. At that time, the Court will rule on the propriety of any specific requests made by plaintiff and defendants' objections.

    **IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a).

Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: June 4, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 4, 2009 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Julia R. Bell, Ronald W. Chapman, and Kimberley A. Koester, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Jason Sigers, # 445206, COOPER STREET CORRECTIONAL FACILITY, 3100 Cooper Street, Jackson, MI 49201.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov