UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON SIGERS,	Case No. 08-13298

    Plaintiff,	Patrick J. Duggan
	United States District Judge
v.
	Michael Hluchaniuk
C/O BAILEY, *et al.*,	United States District Judge

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (Dkt. 36)

    This matter is before the Court on plaintiff's request for appointment of counsel. (Dkt. 36). Plaintiff, an inmate currently in the custody of the Michigan Department of Corrections, brings this action under 42 U.S.C. § 1983, claiming a violations of his rights under the United States Constitution. (Dkt. 1). Plaintiff alleges that defendants were deliberately indifferent to his safety by leaving him unattended during which time he was allegedly assaulted by two other prisoners. *Id.* District Judge Patrick J. Duggan referred this motion to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 10).

    In support of his request for counsel, plaintiff states that counsel was recently appointed by Magistrate Judge Pepe in a case with far less egregious

1

factual circumstances. (Dkt. 36). Plaintiff also asserts that he has no legal knowledge and has named several defendants, which will require him to answer a whole host of motions. *Id*.

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell,* 975 F.2d 261 (6th Cir. 1992). Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. In the undersigned notes that, in the case plaintiff relies on, Magistrate Judge Pepe appointed counsel only after final decisions were made on the dispositive motions filed by the defendants in that case, and some the plaintiff-prisoner's claims survived such motions. Such is not the case here.

In order to make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also, Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995). It appears that, from reading the complaint, plaintiff has an

adequate understanding of the issues and matters involved in this case, and is able to articulate the claims and arguments in a reasonable fashion. It also appears that the issues raised in his complaint are straightforward and understandable and not of an unduly complex nature. Should dispositive motion(s) be decided in plaintiff's favor, plaintiff may re-file the motion for the appointment of counsel.

Based on the foregoing, plaintiff's motion for appointment of counsel is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), objections must be served on this Magistrate Judge.

Date: June 9, 2009                                          s/Michael Hluchaniuk
                                                                     Michael Hluchaniuk
                                                                     United States Magistrate Judge

# CERTIFICATE OF SERVICE

I certify that on June 9, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Julia R. Bell, Ronald W. Chapman, and Kimberley A. Koester, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Jason Sigers, # 445206, COOPER STREET CORRECTIONAL FACILITY, 3100 Cooper Street, Jackson, MI 49201.

        s/James P. Peltier
        Courtroom Deputy Clerk
        U.S. District Court
        600 Church Street
        Flint, MI 48502
        (810) 341-7850
        pete_peltier@mied.uscourts.gov