UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON SIGERS,

    Plaintiff,

v.

C/O BAILEY, *et al.*,

    Defendants.
_____/

Case No. 08-13298

Patrick J. Duggan
United States District Judge

Michael Hluchaniuk
United States District Judge

# REPORT AND RECOMMENDATION
# DEFENDANT BAILEY'S MOTION
# FOR SUMMARY JUDGMENT (Dkt. 38)

**I.    PROCEDURAL HISTORY**

Plaintiff filed his original complaint in this case on July 31, 2008. (Dkt. 1). The complaint related to medical treatment plaintiff had received while incarcerated by the State of Michigan and named the Michigan Department of Corrections as the defendant. The Michigan Department of Corrections filed a motion to dismiss on October 3, 2008. (Dkt. 9). Prior to a decision on the motion to dismiss, plaintiff filed a motion to amend the complaint. (Dkt. 13). The motion to amend was granted in part and denied in part on October 31, 2008. (Dkt. 17). The motion to dismiss filed by the Michigan Department of Corrections was

denied as being moot because plaintiff's amended complaint did not name them as a defendant. (Dkt. 23).

The amended complaint, filed on December 16, 2008, named "C/O Bailey," later acknowledged as James Bailey, and other identified and unidentified medical staff as defendants. (Dkt. 24). Plaintiff alleged, generally, that C/O Bailey had left his duty station, which allowed other prisoners to assault him and the remaining defendants provided inadequate medical treatment to the injuries plaintiff received from the assault by the other prisoners.

The present motion (Dkt. 38) was filed on February 27, 2009, by defendant James Bailey. Also filed that same day by defendant Bailey was a motion to stay discovery. (Dkt. 39). Plaintiff responded to both motions on March 17, 2009. (Dkt. 42). Defendant's motion to stay discovery was premised on the argument that where, as here, a defendant in a § 1983 claim raises the defense of qualified immunity, the defendant should not normally be required to respond to discovery requests and that the discovery requests in the present case do not relate to the application of the qualified immunity defense defendant has asserted. The undersigned denied the motion to stay discovery, concluding that motions for summary judgment inherently involve factual issues and therefore plaintiff should be given some opportunity to "seek proper and reasonable discovery during the

pendency of" the motion for summary judgment. (Dkt. 49). Defendant has elected to appeal that decision, which is its right, and that appeal is currently pending before Judge Duggan. (Dkt. 52).

## II.  RELEVANT FACTS

In plaintiff's amended complaint, he alleges that he was assaulted by two other prisoners on April 29, 2005, while he was housed at the Pine River Correctional Facility. (Dkt. 24, ¶ 11). Plaintiff further alleges that defendant Bailey was a corrections officer assigned to the unit where the assault had taken place and that the assault had taken place after defendant Bailey had "left his post and went outside." (Dkt. 24, ¶ 12). Plaintiff asserts that defendant Bailey "violated Plaintiff's Eighth Amendment right to be free from prisoner assault by leaving the unit unsupervised in violation of Defendant Bailey's constitutional duty to monitor, supervise and control all prisoners at all times within his assigned unit." (Dkt. 24, ¶ 28).

Defendant Bailey acknowledges, in an affidavit attached to his motion for summary judgment, that he was employed as a Resident Unit Officer at the Pine River Correctional Facility when the incident took place.[1] (Dkt. 38-3, ¶ 3). Defendant Bailey states that he became aware of an incident where plaintiff

---

[1] Plaintiff alleges that the incident took place on April 29, 2005, while defendant Bailey asserts that it was April 30, 2005. (Dkt. 38-3, ¶ 4).

suffered an injury and that he addressed those injuries in an appropriate fashion.[2] (Dkt. 38-3, ¶¶ 5-6). Before that incident, defendant Bailey asserts that he "had no information or knowledge of any problem or altercation relating to prisoner Sigers and other prisoners that may have led to prisoner Sigers being assaulted ... [that he] did not observe nor was [he] told of any problems between prisoner Sigers and other prisoners ... [and that] Prisoner Sigers made no [request for protection], either verbally or in writing." (Dkt. 38-3, ¶¶ 7-8).

## III. THE ARGUMENTS OF THE PARTIES

Defendant Bailey's motion for summary judgment, generally, contends that plaintiff's claim of an Eighth Amendment violation is "based solely on the ... contention that Officer Bailey was not at his assigned post ... when Plaintiff was assaulted by two other inmates." (Dkt. 38, p. 1). This allegation, according to defendant, is insufficient as a matter of law to support an Eighth Amendment "failure to protect" claim, which requires that plaintiff "show that the defendant knew that Plaintiff was a likely victim of a threat to his safety; and that the defendant consciously failed to take steps that would prevent it." (Dkt. 38, p. 3).

---

[2] Defendant Bailey states that when he responded to the incident plaintiff stated that he "fell on his way out of the bay on his way to the chow hall" without any apparent reference to an assault by other prisoners. (Dkt. 38-3, ¶ 5).

Defendant supports his lack of information regarding a potential threat to plaintiff with his affidavit attesting as such.

Plaintiff's response to defendant's motion argues that there may be information available that would demonstrate that defendant knew of a risk to plaintiff, even if that information did not come directly from a communication by plaintiff or was based on a specific threat to plaintiff of which defendant was aware. Plaintiff specifically claims that he "may [be able to] establish that there was a substantial risk of harm if it is shown through discovery, that Defendant Bailey knew or should have known that the two prisoners who assaulted Plaintiff Sigers had a serious history of assaultive nature, were management problems and worthy of close monitoring." (Dkt. 42, p. 4). Plaintiff further argues that he should be permitted to conduct discovery to gather relevant information with respect to what defendant knew about facts relating to the potential risk to plaintiff. (Dkt. 42, pp. 6-7).[3]

---

[3] Plaintiff had initiated his discovery efforts by serving defendant with interrogatories on February 4, 2009. (Dkt. 39, p. 2). Plaintiff's response to the motion for summary judgment includes a request for relevant discovery and includes an "affidavit" provision. In that regard, the response is the functional equivalent of a motion under Rule 56(f) in which the plaintiff argues that he "cannot present facts essential to justify its opposition" to the motion for summary judgment without discovery. One option available to the court based on such a request is to deny the motion for summary judgment. Rule 56(f)(1).

## IV. ANALYSIS AND CONCLUSIONS

Plaintiff asserts a cause of action under 42 U.S.C. § 1983[4] against defendant Bailey claiming a violation of the Eighth Amendment by defendant resulting in injury to plaintiff due to an assault by other inmates in April 2005. Plaintiff is appearing *pro se* in this matter and, therefore, his pleadings are to be "liberally construed" and a *pro se* complaint should not be dismissed unless it appears "beyond doubt" that there are no facts that will support the relief requested. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Under a "liberal" construction view, plaintiff is alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment by virtue of defendant's failure to protect him from a substantial risk that existed during the course of his incarceration. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 (1984); *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988).

Defendant Bailey is seeking a summary judgment in his favor. Summary judgment is appropriate under Rule 56(b) "if the pleadings, the discovery and

---

[4] This Report and Recommendation contains hyperlinks to statutory and case law references, for the ease of the parties and others viewing this document electronically. This is not intended to be an endorsement of any product, service, or company.

disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476, 478-79 (6th Cir. 1995), the court stated the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the non-moving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

A genuine issue of material fact exists only when, assuming the truth of the non-moving party's evidence and construing all inferences from that evidence in the light most favorable to the non-moving party, there is sufficient evidence for a trier of fact to find for the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

"In deciding a motion for summary judgment, [the] court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). This is not to say that some credibility determinations are beyond what is appropriate in deciding a motion for summary judgment. "When opposing parties tell two

different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1774, 1776 (2007).

Plaintiff is not entitled to a "comfortable" prison but he is entitled to a "humane" one. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison is subject to the limits of the Eighth Amendment. *Id.* Those limits require that prison officials take "reasonable measures" to provide for the safety of the prisoners. *Id.* Included in such "reasonable measures" is the duty to "'protect prisoners from violence at the hands of other prisoners.'" *Id.* at 833. The Eighth Amendment line is crossed, in circumstances similar to those of the present case, when (1) a prisoner is incarcerated under circumstances that pose a substantial risk of serious harm and (2) prison officials proceed with deliberate indifference to the safety of the prisoner. *Id.* at 834. On the continuum of conduct, deliberate indifference is something greater than mere negligence and less than purposeful or knowing conduct - it is the "equivalent of recklessly disregarding" a serious risk of harm to the prisoner. *Id.* at 836. The test is a subjective one which requires proof that the prison official "acted or failed to act despite [his or her] knowledge of a substantial risk of serious harm." *Id.* at 842.
8

"To demonstrate deliberate indifference, an inmate must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregarded the risk by failing to take reasonable measures to abate it.'" *Greene v Bowles*, 361 F.3d 290, 294 (6th Cir. 2004), quoting, *Farmer*, 511 U.S. at 829.

Defendant asserts that there is no material question of fact because plaintiff "has not set forth facts demonstrating a basis on which Bailey could have or should have perceived a risk to the Plaintiff's health or safety [and] Bailey attests to a lack of such knowledge [because] Plaintiff reported no threats, and Bailey was not aware of any conflict between Plaintiff and other inmates." (Dkt. 38, p. 4). Plaintiff argues that it may be possible to show that defendant was aware of a substantial risk to plaintiff due to the "assaultive history" of the two individuals who allegedly assaulted him, due to prior assaults that had taken place in the same unit or that the unit contained "numerous prisoners who were specifically there for assaultive offender therapy (AOP)." (Dkt. 42, pp. 2, 5, 8). Plaintiff argues that some or all of these factors could be revealed through discovery and he contends that he should be allowed to conduct discovery in order to determine whether such facts exist.

It is clear that knowledge of a substantial risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence ... and that it does not matter whether the risk comes from a single source or multiple sources, any more that it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." [Farmer, 511 U.S. at 842-43](). To the extent that defendant Bailey's affidavit attempted to address all of the ways in which he could have received knowledge of a substantial risk of harm to plaintiff, it was not successful. While knowledge of such a risk could have come from plaintiff himself or from other information that plaintiff and these other two individuals had prior difficulties, options denied in Bailey's affidavit, that knowledge could have come from information about these two individuals being involved in prior assaults, from information about an increased risk of assaults on prisoners in this unit due to a higher incidence of assaultive prisoners being housed there, or perhaps from other sources. This latter category of sources of knowledge of a substantial risk was not addressed in the affidavit. It could very well be that none of the alternative sources of knowledge apply to the circumstances of this case but the present record does not allow the undersigned to reach that conclusion. Allowing for some discovery by plaintiff as to these other issues may identify a source of

Report and Recommendation
Motion for Summary Judgment
*Sigers v. Bailey*; 08-13298

relevant knowledge or may permit the conclusion to be reached that none exist. Without that gap being closed, the undersigned cannot find that there are no genuine issues of material fact in existence and that summary judgment can therefore be granted. However, the undersigned would conclude that besides this unresolved issue regarding the defendant's knowledge of a substantial risk to plaintiff, there are no other issues of material fact identified by plaintiff or apparent from the existing record that are in controversy.

Defendant claims to be entitled to qualified immunity regarding his actions in this case. The possible existence of this defense does not provide a basis for granting a motion for summary judgment in light of the unresolved facts noted. The doctrine of qualified immunity means that "'[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992), quoting, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Defendant bears the burden of pleading qualified immunity, but plaintiff bears the burden of showing defendant is not entitled to qualified immunity. *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002).

The Supreme Court had established a two part test in order to determine whether a qualified immunity was applicable to a particular situation. *Saucier v. Katz*, 533 U.S. 194 (2001). The first part of the test involved a determination of whether the facts of the case, viewed in the light most favorable to the plaintiff, "show the officer's conduct violated a constitutional right." *Id*. at 201. If the first question was resolved in the affirmative then the court would decide "whether the right was clearly established." *Id*. If both questions are resolved in the affirmative, then the doctrine of qualified immunity does not apply and the case can proceed.

The Supreme Court has revisited its decision in *Saucier* and concluded that the mandatory order of the two part test for determining if qualified immunity applied was no longer sound based on several factors including judicial economy. *Pearson v. Callahan*, — U.S. —, 129 S.Ct. 808 (2009). While not modifying the factors that should be considered in such a decision, the Court held that sometimes it makes sense to allow the second part of the test to be decided first and that such a decision may resolve the controversy without having to address the first part of the test. In *Pearson*, the § 1983 claim of the plaintiff was based on an allegedly unlawful search conducted by the defendant police officers. Without having to engage in the perhaps more complicated decision of determining whether

plaintiff's constitutional rights had been violated, the Court found that the constitutional right claimed by plaintiff was not clearly established where lower court case law was consistent with the conduct of the officers and "principles of qualified immunity [should] shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law."

These circumstances do not apply here, such that it can be determined that qualified immunity shields defendant Bailey from liability. Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment under circumstances where prison officials failed to take reasonable steps to protect a prisoner who was subject to a substantial risk of injury was "clearly established" as of April of 2005, when these events allegedly took place, because *Farmer* had been decided in 1994. Where the right at issue is "clearly established," then qualified immunity does not apply and the issue is simply whether the plaintiff's rights were violated. As indicated above, this latter issue cannot be decided in the negative on the present record.

## V.  RECOMMENDATION

For the above reasons, it is **RECOMMENDED** that defendant Bailey's motion for summary judgment be **DENIED WITHOUT PREJUDICE** to renew the motion following limited discovery consistent with this decision.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in [28 U.S.C. § 636(b)(1)](#) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *[Thomas v. Arn, 474 U.S. 140 (1985)](#)*; *[Howard v. Sec'y of Health and Human Servs., 932 F.2d 505 (6th Cir. 1981)](#)*. Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *[Willis v. Sec'y of Health and Human Servs., 931 F.2d 390, 401 (6th Cir. 1991)](#)*; *[Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987)](#)*. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 30, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 30, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Julia R. Bell, Randall A. Juip, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Jason Sigers, # 445206, MID MICHIGAN CORRECTIONAL FACILITY, 820 North Croswell Road, St. Louis, MI 48880.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov