UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON SIGERS,

       Plaintiff,

v.                                                                          Case No. 08-13298
                                                                        Honorable Patrick J. Duggan

JAMES BAILEY, et al.,

       Defendants.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE HLUCHANIUK'S JULY 30, 2009 REPORT AND RECOMMENDATION DENYING WITHOUT PREJUDICE DEFENDANT JAMES BAILEY'S MOTION FOR SUMMARY JUDGMENT; (2) DENYING AS MOOT DEFENDANT JAMES BAILEY'S APPEAL OF MAGISTRATE JUDGE HLUCHANIUK'S JUNE 4, 2009 ORDER; AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS MEDICAL SERVICES, INC.'S AND P.A. JUDITH DAOUST'S OBJECTIONS TO MAGISTRATE JUDGE HLUCHANIUK'S JUNE 4, 2009 ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 1, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

Plaintiff Jason Sigers ("Plaintiff") filed this *pro se* action against the Michigan Department of Corrections ("MDOC") on July 31, 2008. Plaintiff thereafter filed an amended complaint which no longer identifies the MDOC as a defendant and instead names Correctional Medical Services, Inc. ("CMS") and several known and unknown individuals. (Doc. 24.) The individuals identified include MDOC officer James Bailey

("Officer Bailey") and physicians assistant Judith Daoust ("P.A. Daoust").[1] Plaintiff asserts claims against Defendants pursuant to 42 U.S.C. § 1983, alleging that they violated his Eighth Amendment rights by failing to protect him from an assault by other inmates and to adequately treat his injuries from the assault.

In response to Plaintiff's amended complaint, Officer Bailey filed a motion for summary judgment on July 27, 2009 (Doc. 38.) On the same date, Officer Bailey filed a motion to stay discovery until the Court rules on his motion for summary judgment. (Doc. 39.) CMS and P.A. Daoust responded to Plaintiff's amended complaint on March 26, 2009, by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 44.) CMS and P.A. Daoust also filed a motion for protective order, seeking a stay of the discovery Plaintiff served upon them. (Doc. 43.) This Court previously entered an order referring this matter to Magistrate Judge Hluchaniuk for all pretrial proceedings. (Doc. 28.)

On June 4, 2009, Magistrate Judge Hluchaniuk issued an order denying Officer Bailey's motion to stay discovery and CMS' and P.A. Daoust's motion for protective order. (Doc. 49.) On June 18, 2009, CMS and P.A. Daoust filed objections to that order (Doc. 52) and Officer Bailey filed an appeal of the order (Doc. 53). Both pleadings presently are pending before this Court. In the meantime, on July 30, 2009, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") recommending that

---

[1]Plaintiff also names "Dr. Tien" and "Dr. Mishra." The Marshall's Service has not yet served these defendants.

this Court deny without prejudice Officer Bailey's motion for summary judgment. (Doc. 58.)

At the conclusion of his R&R, Magistrate Judge Hluchaniuk advises the parties that they have ten days from service of the R&R to file any objections thereto. (Doc. 58 at 14.) Magistrate Judge Hluchaniuk further advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* (citing *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981)).) No party has filed objections to the R&R.

**Standard of Review**

A district court judge may reconsider a pretrial order of a magistrate judge where it has been shown that the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(2)(A). A judge must conduct a *de novo* review of those portions of a report and recommendation to which objection is made. *Id*. § 636(b)(2)(C).

**Analysis**

As indicated previously, no objections have been filed with respect to Magistrate Judge Hluchaniuk's July 30, 2009 R&R in which he recommends that this Court deny without prejudice Officer Bailey's motion for summary judgment. This Court has carefully reviewed the R&R and concurs with Magistrate Judge Hluchaniuk's conclusions. The Court therefore adopts the R&R and denies Officer Bailey's motion for summary judgment without prejudice. In light of this ruling, the Court finds moot Officer Bailey's appeal of Magistrate Judge Hluchaniuk's June 4, 2009 order denying his motion

to stay discovery pending a decision on the summary judgment motion.

CMS and P.A. Daoust object to Magistrate Judge Hluchaniuk's June 4 order, contending that they are entitled to an order protecting them from Plaintiff's discovery requests for two general reasons. First, CMS and P.A. Daoust contend that Plaintiff's requests are premature because they were filed before a conference was held under Federal Rule of Civil Procedure 26(a) and because a motion to dismiss is pending that may result in the dismissal of the action based on legal issues, only. Second, CMS and P.A. Daoust argue that Plaintiff's interrogatories "are generic open-ended, and ask questions that are vague and overreaching without a proper foundation . . . are invasive and oppressive, and would require undue expense and are meant to harass." (Doc. 52 at 10.)

The Court believes that Magistrate Judge Hluchaniuk properly responded to CMS' and P.A. Daoust's claim that they are entitled to an order protecting them from Plaintiff's interrogatories because, they contend, the discovery requests "are invasive, overreaching, and oppressive, and would require undue expense and are meant to harass." (Doc. 52 at 3.) Federal Rule of Civil Procedure 33 requires a party objecting to an interrogatory to state, with specificity, the grounds for the objection. Fed. R. Civ. P. 33(b)(4). CMS and P.A. Daoust have asserted only general objections to all of Plaintiff's interrogatories. This is insufficient and the Court does not believe that every interrogatory posed by Plaintiff is invasive, overreaching, oppressive, unduly burdensome, or meant to harass. (*See* Doc. 43 Ex. A.) As Magistrate Judge Hluchaniuk directed, CMS and P.A. Daoust

4

must answer Plaintiff's interrogatories or "assert specific and appropriate objections to any of those requests, or those aspects of [P]laintiff's requests, that are inappropriate or improper." (Doc. 49 at 5.)

This Court further agrees with Magistrate Judge Hluchaniuk that Plaintiff's discovery requests are not premature because there has been no Rule 26 discovery conference. Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), *except* in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) . . ." Fed. R. Civ. P. 26(d) (emphasis added). Plaintiff is a state prisoner proceeding *pro se* in this matter and thus this proceeding is exempt from Rule 26(d)'s provision regarding the timing for discovery. Fed. R. Civ. P. 26(a)(1)(B)(iv).

The Court, however, concludes that CMS and P.A. Daoust should not have to respond to Plaintiff's discovery requests before their motion to dismiss is resolved. *See Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 172224, at *1 (E.D. Mich. Jume 19, 2006) (citing *Nichols v. Baptist Mem'l Hosp.*, No. 02-2561, 2004 WL 2905406 (W.D. Tenn. Apr. 2, 2004) ("[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." In their motion, CMS and P.A. Daoust raise several legal challenges to Plaintiff's claims: (1) Plaintiff failed to properly exhaust his administrative remedies; (2) Plaintiff's allegations fail to state a constitutional violation by P.A. Daoust; (3) Plaintiff's allegations fail to state a policy, practice or procedure of CMS that resulted in any constitutional

violation and respondeat superior liability is not available under § 1983; and (4) Plaintiff's claims are barred by the applicable statute of limitations. While CMS and P.A. Daoust have submitted matters outside the four corners of the amended complaint in support of their motion, those materials are limited to copies of the grievances Plaintiff filed and MDOC's grievance procedures to demonstrate that Plaintiff has failed to exhaust his administrative remedies. The interrogatories Plaintiff has served on CMS and P.A. Daoust do not seek materials relevant to the exhaustion issue and the Court does not believe that Plaintiff has demonstrated that he needs discovery in order to respond to CMS's and P.A. Daoust's motion.

## Summary

For the above reasons, this Court adopts Magistrate Judge Hluchaniuk's July 30, 2009 R&R with respect to Officer Bailey's motion for summary judgment (Doc. 38) and the motion is **DENIED WITHOUT PREJUDICE**. Based on this decision, Officer Bailey's appeal of Magistrate Judge Hluchaniuk's June 4, 2009 order (Doc. 53) is **DENIED AS MOOT**. Having conducted a *de novo* review of CMS' and P.A. Daoust's motion for a protective order, the Court concludes that discovery (as directed to these defendants, only) should be stayed until their motion to dismiss is resolved. If that motion is denied, however, CMS and P.A. Daoust must answer Plaintiff's interrogatories or object to them as Magistrate Judge Hluchaniuk instructed in his June 4, 2009 order within fourteen (14) days of the order of denial. CMS' and P.A. Daoust's objections to Magistrate Judge Hluchaniuk's June 4, 2009 order (Doc. 52) therefore are **GRANTED**

**IN PART AND DENIED IN PART**.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Jason Sigers, #445206
Parnall Correctional Facility
1780 E. Parnall
Jackson, MI 49201

Julia R. Bell, Esq.
Ronald W. Chapman, Esq.
Kimberley A. Koester, Esq.