UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON SIGERS,

       Plaintiff,

v.                                                                           Case No. 08-13298
                                                                    Honorable Patrick J. Duggan

JAMES BAILEY, et al.,

       Defendants.
_____/

### OPINION AND ORDER DENYING DEFENDANT JAMES BAILEY'S RULE 60(a) MOTION FOR RELIEF FROM ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 3, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

In this *pro se* action pursuant to 42 U.S.C. § 1983, Plaintiff Jason Sigers ("Plaintiff") alleges *inter alia* that Defendant James Bailey violated Plaintiff's Eighth Amendment rights by failing to protect Plaintiff from an attack by fellow inmates while incarcerated at the Pine River Correctional Facility in St. Louis, Michigan. Defendant Bailey previously filed a motion for summary judgment, which this Court referred to Magistrate Judge Michael Hluchaniuk. Magistrate Judge Hluchaniuk thereafter issued a Report and Recommendation (R&R), recommending that this Court deny Defendant Bailey's motion without prejudice. Believing that Defendant Bailey had not filed objections to the R&R, this Court issued an opinion and order on September 1, 2009, that

*inter alia* denied Defendant Bailey's motion for summary judgment without prejudice. Defendant Bailey filed a Motion for Relief from Order pursuant to Federal Rule of Civil Procedure 60(a) on September 2, 2009, alerting the Court to the fact that he had filed timely objections to Magistrate Judge Hluchaniuk's R&R.

Based on Defendant Bailey's objections, which this Court previously overlooked, this Court now must conduct a *de novo* review of Magistrate Judge Hluchaniuk's R&R to which objection is made. 28 U.S.C. § 636(b)(2)(A). The Court concludes, however, that a different disposition of Defendant Bailey's motion for summary judgment is not warranted.

As the United States Supreme Court explained in *Farmer v. Brennan*, the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison official must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994) (quoting *Hudson v. Palmer*, 486 U.S. 517, 526-27, 104 S. Ct. 3194, 3200 (1984)). "'[P]rison officials have a duty . . . to protect prisoners from violence at the hand of other prisoners.'" *Id*. at 833, 114 S. Ct. at 1976 (quoting *Cortes-Quinones v. Jiminez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). An inmate establishes a prison official's violation of the inmate's Eighth Amendment rights, however, only when the inmate shows: "(1) 'that he is incarcerated under conditions posting a substantial risk of serious harm,' and (2) that the prison official had 'the state of mind . . . of deliberate indifference to inmate health or safety.'"

*Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814-15 (6th Cir. 1996) (quoting *Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977).

Defendant Bailey contends that he is entitled to summary judgment because there are no facts demonstrating any basis on which he perceived or should have perceived that Plaintiff was at risk of harm. In support of this argument, Defendant Bailey provides an affidavit in which he states: "Prior to [the time and date of the attack on Plaintiff], I had no information or knowledge of any problem or altercation relating to prisoner Sigers and other prisoners that may have led to prisoner Sigers being assaulted. I did not observe nor was I told of any problems between prisoner Sigers and other prisoners." (Bailey Aff. ¶ 7.) Relying on *Gibson v. Foltz*, 963 F.2d 851 (6th Cir. 1992), Defendant Bailey further argues in his objections to the R&R that he is not subject to liability simply because Plaintiff was housed with dangerous felons and Defendant Bailey left his post.

As the Sixth Circuit indicated in *Street*, however, a plaintiff may demonstrate an Eighth Amendment violation without demonstrating that *he* was subject to a specific risk of harm. 102 F.3d. at 815 (citing *Farmer*, 511 U.S. at 842, 114 S. Ct. at 1981 and *Price v. Sasser*, 65 F.3d 342, 347 (4th Cir. 1995) ("*Farmer* established that a risk of danger particular to the individual was not required")). In other words, as the Supreme Court stated in *Farmer*, "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842, 114 S. Ct. at 1981. A prison official's actual or

3

constructive knowledge of "evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly-noted by prison officials in the past" is sufficient to find that the prison official acted with deliberate indifference to an inmate's safety. *Id.* at 842-43, 114 S. Ct. at 1981-82. Thus, Defendant Bailey is not entitled to summary judgment simply because the undisputed evidence establishes that he was unaware of a risk of harm specific to Plaintiff.

Plaintiff, in response to Defendant Bailey's motion, argues that he may be able to establish that Defendant Bailey knew or should have know that the two prisoners who assaulted him "had a serious history of assaultive nature, were management problems and worthy of close monitoring." (Doc. 42 at 4.) This argument is not equivalent to claiming that Defendant Bailey is liable based on the general fact that the prison contains many violent prisoners. *See Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992) ("the fact that defendants knew that [the prison] housed many violent prisoners and that prison violence did occur is not sufficient to constitute deliberate indifference.")

Defendant Bailey also objects to the R&R, contending that Magistrate Judge Hluchaniuk failed to consider whether the right at issue was "clearly established" in a "particularized sense." Rather than addressing whether it was clearly established that prison officials were required to take reasonable steps to protect a prisoner who was subject to a substantial risk of injury, as Magistrate Judge Hluchaniuk framed the issue in his R&R, Defendant Bailey contends that the issue is whether a prison official is deliberately indifferent when the official fails "to be a[t] his assigned post in a prison

4

housing dangerous felons." (Obj. at 6.) As indicated above, however, the particular issue as presented by Defendant Bailey is not the argument being made by Plaintiff.

It was clearly established when Plaintiff was assaulted by fellow inmates that prison officials violate an inmate's Eighth Amendment rights when they are deliberately indifferent to a substantial risk of serious harm to a prisoner. *Farmer, supra*. *Farmer* further established that a prison official need not be aware of a substantial risk of serious harm to the plaintiff in particular, but that liability may attach where the official was deliberately indifferent to "a pervasive risk of harm generally." *Id.*; *see also Street*, 102 F.3d at 815. This Court therefore cannot conclude that Defendant Bailey is entitled to qualified immunity if Plaintiff musters evidence to demonstrate that Defendant Bailey knew or should have known that the two inmates who attacked Plaintiff posed a "long-standing, pervasive, well-documented, or expressly noted" risk of harm.

For the above reasons, this Court continues to concur in Magistrate Judge Hluchaniuk's recommendation that Defendant Bailey's motion for summary judgment should be denied without prejudice.

Accordingly,

**IT IS ORDERED**, that Defendant Bailey's Rule 60(a) Motion for Relief from Order is **DENIED**.

                                               s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:
Jason Sigers, #445206
Parnall Correctional Facility

1780 E. Parnall
Jackson, MI 49201

Julia R. Bell, Esq.
Ronald W. Chapman, Esq.
Kimberley A. Koester, Esq.