UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON SIGERS, | Case No. 08-13298 |
| Plaintiff, | Patrick J. Duggan |
| v. | United States District Judge |
| C/O BAILEY, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |

**ORDER DENYING PLAINTIFF'S SECOND REQUEST FOR
APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (Dkt. 82)**

This matter is before the Court on plaintiff's second request for appointment of counsel. (Dkt. 82). Plaintiff, an inmate currently in the custody of the Michigan Department of Corrections, brings this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution. (Dkt. 1). Plaintiff alleges that defendants were deliberately indifferent to his safety by leaving him unattended during which time he was allegedly assaulted by two other prisoners. *Id.* District Judge Patrick J. Duggan referred this case to the undersigned for all pretrial purposes. (Dkt. 28). In support of his current request for counsel, plaintiff states that he is not able to afford counsel; the issues involved in this case are

1

complex, requiring expertise beyond his capabilities; and he has very limited access to legal reference materials. (Dkt. 82)

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell,* 975 F.2d 261 (6th Cir. 1992). Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. Such is not the case here. Rather, defendant Bailey's motion for summary judgment (Dkt. 38) was denied without prejudice so that limited discovery could be conducted on the central issue of defendant's knowledge. (Dkt. 58, 73). In addition, the motion to dismiss of the other defendants remains pending and as yet unresolved. (Dkt. 44). Thus, no dispositive motions have yet been decided in plaintiff's favor on the merits. Should dispositive motion(s) be decided in plaintiff's favor, plaintiff may re-file the motion for the appointment of counsel.

In order to make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and

also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also, Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995). It appears, from reading the complaint and other documents filed by plaintiff, that plaintiff has an adequate understanding of the issues and matters involved in this case, and is able to articulate the claims and arguments in a reasonable fashion. It also appears that the issues raised in his complaint are straightforward and understandable and not of an unduly complex nature. This Court previously denied plaintiff's request for the appointment of counsel and plaintiff has pointed to no change in circumstance to warrant reconsideration of that decision at this time.

Based on the foregoing, plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party

objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), objections must be served on this Magistrate Judge.

Date: October 2, 2009                          s/Michael Hluchaniuk
                                                   Michael Hluchaniuk
                                                   United States Magistrate Judge

### **CERTIFICATE OF SERVICE**

I certify that on October 2, 2009 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Randall A. Juip, Anthony D. Pignotti, and Brian J. Richtarcik, Loretta B. Subhi, John L. Thurber, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Jason Sigers, # 445206, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201.

                                                           s/James P. Peltier
                                                           Courtroom Deputy Clerk
                                                           U.S. District Court
                                                           600 Church Street
                                                           Flint, MI 48502
                                                           (810) 341-7850
                                                           pete_peltier@mied.uscourts.gov